TROY LEE HARMS V STATE OF TEXAS

 NO. 07-02-0181-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 20, 2002

______________________________

JONATHON ANTWAN DONALDSON

Appellant

v.

THE STATE OF TEXAS, 

Appellee

_________________________________

FROM THE 209TH 
 DISTRICT COURT OF HARRIS COUNTY;

NO. 902,509; HON. MICHAEL McSPALDEN, PRESIDING

_______________________________

ABATEMENT AND REMAND

_______________________________

Before BOYD, C.J., QUINN and REAVIS, JJ.

Appellant, Jonathon Antwon Donaldson, appeals from a judgment under which he was convicted of possession with intent to deliver cocaine weighing more than 1 gram and less than 4. The clerk’s record has been filed in this cause but the reporter’s record has not.  Furthermore, appellant,  has filed a pro se  “Petition to Dismiss” requesting the appeal be withdrawn. However, the notice is not signed by appellant as required by Texas Rule of Appellate Procedure 42.2(a). 

Accordingly, we now abate this appeal and remand the cause to the 209th District Court of Harris County (trial court) for further proceedings.  Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following: 

1.  whether appellant desires to prosecute the appeal; and, 

2.  whether appellant is indigent. 

The trial court shall cause the hearing to be transcribed.  So too shall it 1) execute findings of fact and conclusions of law addressing the foregoing issues, 2) cause to be developed a supplemental clerk’s record containing the findings of fact and conclusions of law and all orders it may issue as a result of its hearing on this matter, and 3) cause to be developed a reporter’s record transcribing the evidence and arguments presented at the aforementioned hearing.  Additionally, the district court shall then file the supplemental record with the clerk of this court on or before June 19, 2002.  Should further time be needed by the trial court to perform these tasks, then an extension must be requested before June 19, 2002.  Furthermore, should appellant submit to this court a document complying with Texas Rule of Appellate Procedure 42.2(a) and evincing his decision to withdraw his notice of appeal before the trial court convenes a hearing pursuant to this order, then the appeal will be reinstated, and the court will act on the matter in due course.

      It is so ordered. 

                                                             Per Curiam 

 Do not publish.